IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESS T. LAMMERS,<br><br>    Plaintiff,<br><br>vs.<br><br>STACY A. OTT,<br><br>    Defendant. | 7:21CV5011<br><br>**MEMORANDUM<br>AND ORDER** |

  Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

  Plaintiff sues Stacy A. Ott in what he entitles a "Notice of and Petition for Removal" of a case from the District Court of Phelps County, Nebraska. (Filing 1.) While Plaintiff references the Phelps County case he is attempting to remove as Case No. **CR** 05-147[1] in the first paragraph of his Complaint, the court construes this to mean Case No. **CI** 05-147 because Case No. CR 05-147 does not involve Plaintiff, and Case No. CI 05-147 involves both parties to this case, Stacy Ott and Jess Lammers. *See* https://www.nebraska.gov/apps-subscriber-form/user/index.

  Case No. CI 05-147 in the Phelps County District Court is a civil domestic case classified as "registration of foreign support order." According to the docket

---

[1] Case No. CR 05-147 is a criminal case in the County Court of Phelps County entitled *State v. Hopkins* that does not involve Plaintiff. *See* **Error! Hyperlink reference not valid.**.

sheet for that case, a judgment of child support was entered in favor of Stacy A. Ott and against Jess T. Lammers on September 8, 2005. The case was reopened on October 24, 2019. The latest activity in the case was a status hearing scheduled for January 31, 2022.

The only allegations Plaintiff makes against Stacy Ott are that Ott "lied to receive double state welfare benefits," "has been convicted of welfare fraud in SD," "received double child support payments from 2001 to present day," and "received monies for children from Social security (SSA) based on [Plaintiff's] disability." (Filing 1 at CM/ECF p. 2.)

The remainder of Plaintiff's Complaint consists of disjointed allegations against non-parties, some of which have been addressed in Lammers' other numerous cases in this court: Nebraska and South Dakota filed incorrect income withholdings, causing Plaintiff to be charged twice for child support since 2001 (same allegation made in *Lammers v. State of Nebraska*, Case No. 7:21CV5009 (D. Neb.)); the Nebraska State Patrol unlawfully arrested Plaintiff on April 30, 2020 (same allegation made in *Lammers v. State of Nebraska*, Case No. 7:21CV5009 (D. Neb.)); Judge Harder recused herself from one of Plaintiff's Phelps County cases; unnamed state and county employees violated a string of state and federal criminal statutes; and Plaintiff was appointed "incompetent" counsel in an unknown case.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be

2

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

**A. Removal**

The Phelps County case Plaintiff intends to remove to this court involves his child-support payments. *See Ott v. Lammers*, Case No. CI 05-147 (Phelps County District Court). It is well-settled that the "whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890). The United States Supreme Court has recognized a domestic relations exception "to the jurisdiction of the federal courts in light of long-held understandings and policy considerations." *Whiteside v. Nebraska State Health and Human Services*, No. 4:07CV3030, 2007 WL 2123754, *1 (D. Neb. July 19, 2007) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 694-95 (1992)). It is clear from the Complaint that addressing Plaintiff's child-support claim would require this court to entangle itself into issues of state child-support law, an area in which it does not have jurisdiction. *Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013) (domestic relations exception divests federal courts of jurisdiction over any action involving the subjects of divorce, allowance of alimony, or child support).

Therefore, Plaintiff's request to remove District Court of Phelps County, Nebraska, Case No. CI 05-147 to this court must be denied. *Jurevica v. Kapacs*, No. 18-CV-1684, 2018 WL 4190068, at *2 (D. Minn. June 26, 2018), *report and recommendation adopted,* No. 18-CV-1684, 2018 WL 4181611 (D. Minn. Aug. 31, 2018) (recommending that attempted removal of state-court divorce proceedings be remanded to state court, characterizing such attempt as frivolous because notice of removal was filed four years too late under 28 U.S.C. § 1446(b)(1) and even if notice was timely filed, court would lack subject-matter jurisdiction under domestic relations exception; noting that, "The attempted removal of this litigation is, quite simply, an attempt to *relocate* divorce proceedings to federal court. It falls squarely within the domestic relations exception. This Court will put matters as plainly as possible: Kapacs's divorce proceedings are not fodder for federal litigation."); *Peck v. Kinley*, No. CIV.09-2355, 2009 WL 3683574, at *2 (D. Minn. Nov. 2, 2009) (attempt to remove dissolution/child-support case from state to federal court was legally frivolous).

**B.  Section 1983**

To the extent Filing 1 may instead be construed as a civil complaint under 42 U.S.C. § 1983, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's claims that Nebraska and South Dakota filed incorrect income withholdings, causing Plaintiff to be charged twice for child support since 2001, and that the Nebraska State Patrol unlawfully arrested him on April 30, 2020, were raised in other of Plaintiff's cases in this court and need not be reconsidered here. District courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party. *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) (affirming direct court's preservice dismissal of pro se prisoner's § 1983 complaint).

Plaintiff's claim that Judge Harder violated his constitutional rights by recusing herself from one of Plaintiff's Phelps County cases is barred by judicial

4

immunity. A judge is immune from suit, including suits brought under 42 U.S.C. § 1983, to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "'First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Woodworth*, 891 F.3d at 1090-91 (quoting *Schottel*, 687 F.3d at 373). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted). Absolute judicial immunity is not overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Here, there are no allegations indicating that Judge Harder's recusal was an action taken outside her judicial capacity and in complete absence of all jurisdiction; rather, recusal is an action performed by a judge and Plaintiff was dealing with Judge Harder in her judicial capacity when the recusal occurred. Accordingly, this claim must be dismissed.

Plaintiff's assertion that unnamed state and county employees violated a string of state and federal criminal statutes fails to state a section 1983 claim because (1) Plaintiff does not allege facts indicating that any of the individuals who supposedly committed these crimes were state actors who were personally involved in, or directly responsible for, incidents that injured Plaintiff, *Iqbal*, 556 U.S. 662, 676 (in § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Kingsley v. Lawrence Cty.*, 964 F.3d 690, 700 (8th Cir. 2020) ("To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation."); (2) Plaintiff does not explain how these alleged crimes constituted violations of a federal right, as opposed to a mere violation of federal law, *Frison v. Zebro*, 339 F.3d 994, 998 (8th Cir. 2003) ("Violation of a federal statute does not automatically give rise to a civil rights claim under § 1983. This is because [i]n order to seek redress through § 1983, . . . a plaintiff must assert the violation of a federal *right,* not merely a violation of federal *law*."; "it is well-settled

5

that criminal statutes will rarely survive § 1983 analysis" (internal quotation marks and citation omitted)); (3) alleged violations of state laws "do not by themselves state a claim under 42 U.S.C. § 1983," *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 832 (8th Cir. 2005) (internal quotation marks and citation omitted); and (4) to the extent Plaintiff requests that criminal charges be brought against the supposed violators of criminal laws, Plaintiff does not state a federal claim, as a private plaintiff cannot force a criminal prosecution because the authority to initiate criminal charges lies only with state and federal prosecutors, *Nieves v. Bartlett*, 139 S. Ct. 1715, 1733 (2019) (Gorsuch, J., concurring in part and dissenting in part) ("the decision whether to institute criminal charges is one our Constitution vests in state and federal executive officials").

Finally, Plaintiff's allegation that he was appointed "incompetent" counsel in an unknown case comes nowhere close to alleging that Plaintiff was deprived by a person acting under color of state law of a right secured by the Constitution and laws of the United States, as is required to state a section 1983 claim. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. CONCLUSION

To the extent Filing 1 may be construed as a notice of removal of Plaintiff's state civil case to this court, his request will be denied and this case will be remanded to the District Court of Phelps County, Nebraska. To the extent Filing 1 may instead be construed as a civil complaint under 42 U.S.C. § 1983, Plaintiff fails to state a claim upon which relief can be granted. On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states 42 U.S.C. § claims against specific, named defendants (or includes allegations specific enough to permit the identity of unnamed defendants after reasonable discovery). If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right

to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) after he addresses the matters set forth in this Memorandum and Order.

IT IS ORDERED:

1. To the extent Filing 1 may be construed as a notice of removal of Plaintiff's state civil case to this court, his request is denied and this case is remanded to the District Court of Phelps County, Nebraska (Case No. CI 05-147).

2. To the extent Filing 1 may be construed as a civil complaint under 42 U.S.C. § 1983, it fails to state a claim upon which relief can be granted.

3. As to Plaintiff's purported 42 U.S.C. § claims, Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must either identify each defendant by name or, if unnamed, include allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery; state the capacity (official, individual, or both) in which each defendant is sued; and set forth all of Plaintiff's claims (and any supporting factual allegations) against each defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when each defendant did it, and how each defendant's actions harmed him.

4. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

5. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

7

6. The Clerk of the Court is directed to set a pro se case management deadline using the following text: April 18, 2022—amended complaint due.

7. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 17th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge